## Commonwealth v. Kimbrough.

*Indictment—Warehouseman—Negotiable receipt—Delivery of goods—Act of March 6, 1909.*

1. An indictment is sufficient which charges the crime substantially in the language of the act.

2. An indictment against a warehouseman for knowingly delivering possession of tobacco against an outstanding negotiable receipt, in violation of section 54 of the Act of March 11, 1909, P. L. 19, need not set forth a description of the tobacco or its quantity, or the date and number of the receipt, or who signed it, or whether it was in trust or assigned, or whether the prosecutor is the owner of it, or the rate of storage charged, or how much money the defendant obtained for the tobacco.

Indictment under section 54 of the Act of March 11, 1909. Demurrer to indictment. C. P. Lancaster Co.

*B. F. Davis*, for demurrer.

*Oliver S. Schaeffer* and *William C. Rehm*, District Attorney, contra.

HASSLER, J., April 8, 1922.—The defendant is charged with a violation of section 54 of the Act of March 11, 1909, P. L. 19, which is as follows: "A warehouseman, or any officer, agent or servant of a warehouseman, who delivers goods out of the possession of such warehouseman, knowing that a negotiable receipt, the negotiation of which would transfer the right to the possession of such goods, is outstanding and uncanceled, without obtaining the possession of such receipt at or before the time of such delivery, shall, except in the cases provided for in sections 14 and 36, be deemed guilty of fraud, and, upon conviction, shall be punished for each offence, etc." The exceptions referred to in sections 14 and 36 have no application here.

The indictment alleges that he, "being an agent, or servant, of a warehouseman, lawfully engaged in the business of storing goods for profit, to wit, The Lancaster Tobacco Auction Sales Company of Lancaster, Pa., did, unlawfully and fraudulently, deliver certain goods, to wit, tobacco out of the possession of said warehouseman, knowing that a negotiable receipt, the negotiation of which receipt would transfer the right to the possession of such goods, was then and there outstanding and uncanceled in the name of S. G. Shaw, and held by the Agricultural Trust Company of Lancaster, Pa., without obtaining the possession of said receipt at or before the time of the delivery of goods as aforesaid." The indictment also alleges that all these acts were committed in this county.

The defendant has filed a demurrer to the indictment, and assigns five causes of demurrer. There is nothing of merit in any of them. The indictment does set forth all the facts necessary to charge a violation of the act of assembly quoted, and it is in almost its exact language. The Act of March 31, 1860, § 11, P. L. 433, provides that an indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act. It was not necessary, as contended by the defendant, that the indictment should set forth what quantity of tobacco was covered by the receipt, nor the date and number of it, nor the rate of storage charged, nor a description of the goods for which it was given, nor who signed it, nor whether

2 D. & C.

Commonwealth *v.* Kimbrough.

it was in trust or assigned, nor how much money the defendant obtained for the tobacco, nor whether the prosecutor is the owner of the receipt, as none of these matters are mentioned in the act.

We, therefore, overrule the demurrer.

From George Ross Eshleman, Lancaster, Pa.